(No. 36917.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUTHER WOODS, Plaintiff in Error.

*Opinion filed March 25, 1963.*

MITCHELL J. OVERGAARD, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Luther Woods was found guilty, following a jury trial in the criminal court of Cook County, of assault with intent to rape, and sentenced to imprisonment for a term of five to ten years. He brings the case here on writ of error, contending the prosecutor's final argument was prejudicial, that proceedings were held outside his presence in violation of his constitutional rights, and that he was not proved guilty beyond all reasonable doubt.

Defendant's contention that his constitutional rights were violated by conducting proceedings in his absence is apparently predicated upon the fact that he was represented by a member of the Chicago Bar Association appointed by the court at the defendant's request, and that counsel for defendant appeared on June 23, 1959, in open court, waived the necessity for defendant's presence and, in defendant's absence, agreed that the cause be advanced from June 29, to which it had previously been continued, to June 23, and then continued by agreement to July 24, 1959.

The fact that a defendant in a criminal prosecution is entitled to appear and defend in person is guaranteed by section 9 of article II of the constitution of 1870. The cases cited by defendant allude to the right of every de-

fendant accused of a felony to be personally present at every stage of the trial, (*People* v. *Smith,* 6 Ill.2d 414; *People* v. *McGrane,* 336 Ill. 404; *People* v. *Weinstein,* 298 Ill. 264), and the question for our decision is whether a motion for a continuance made prior to the commencement of the actual trial is a part thereof, or involves such a substantial right of the accused that his absence from the hearing thereon vitiates any action taken. We have repeatedly held that the constitutional guaranty is not infringed upon by holding hearings outside defendant's presence which do not involve substantial rights of the accused, (*People* v. *Kidd,* 357 Ill. 133; *People* v. *Brindley,* 369 Ill. 486; *Pippin* v. *People,* 398 Ill. 128), and defendant's right to be present at the trial itself, or any portion thereof, may be voluntarily waived even in felony cases. *People* v. *Weinstein,* 298 Ill. 264; *People* v. *Harris,* 302 Ill. 590; *People* v. *Connors,* 413 Ill. 386.

The well-nigh unanimous rule in this country is that the defendant's constitutional right to be present at the trial does not "embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict." (*United States* v. *Lynch,* (3rd cir.) 132 F.2d 111, cert. den., *Lynch* v. *United States,* 318 U.S. 777, 63 S. Ct. 831, 87 L. ed. 1146; *Snyder* v. *Commonwealth of Massachusetts,* 291 U.S. 97, 54 S. Ct. 330, 78 L. ed. 674.) In the *Snyder* case Justice Cardozo provides an excellent discussion of the principle underlying the court's decision regarding the scope of the defendant's right to be personally present during his trial. The rule there announced is that "in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." (291 U.S. at 105). The opinion then proceeds to hold that denial of defendant's request to accompany

the jury to the scene of the murder, where counsel were permitted to point out specific features and ask the jury to note them in the involuntary absence of defendant, was not a violation of the constitutional guaranty.

In our judgment the ordinary, uncontested motion for a continuance, or to advance and then continue a case, does not involve rights of the accused of such a substantial nature as to invalidate any action thereon occurring in his absence. Even assuming a contrary conclusion, the right to be present at a hearing upon a motion for a continuance, or advancement and continuance, may be waived by defendant, or by his counsel on his behalf. The record in this case contains an express finding that defendant's presence was waived, and that his counsel consented and agreed to the advancement and continuance. Defendant, therefore, is in no position to now complain of the action of the trial court.

The remaining questions relating to the prosecutor's argument, and the sufficiency of the evidence require a review of the facts. The complainant and the arresting officer, who arrived while the offense was in process, testified for the People. No evidence was introduced or offered by the defense. Complainant testified that in the early morning of February 27, 1959, after having visited at her brother's home, she went to a tavern with her sister-in-law and three men, not including her brother, all of whom had been at her brother's home earlier. Her brother had previously gone to work about 10:30 P.M. At the tavern the witness had some beer to drink and saw defendant, whom she understood to be a jitney cab driver.

After drinking and dancing at the tavern, complainant testified she asked the persons who brought her to take her home. Upon their refusal to do so, the witness offered defendant fifty cents to drive her home. Defendant and prosecutrix both sat in the front seat of defendant's two-door car. Instead of driving her home, complainant stated defendant drove in an alley, stopped, grabbed her and in

the ensuing struggle the witness managed to get out of the car; the struggle continued in the alley with complainant calling for help. This witness further testified that her face was bruised during the struggle, and that when the officer arrived defendant's privates were exposed and "he had my legs up and he was up on top of me."

The arresting officer testified to receiving a radio call about 2:00 A.M. on February 27, going to the alley in question, hearing a woman screaming "Rape, rape", and seeing a man and woman struggling beside the open door of an automobile. According to the officer, "the woman was lying with her back on the concrete, the man was standing over her with her ankles locked under his arms * * * his pants were unzipped and his privates exposed." The officer further testified that the complainant's clothing was dirty and disarranged, her shoes missing, and there were blood stains on her blouse and on the floor and front seat of the car. In response to a question defendant said the woman had fallen down and he was trying to help her up— he later indicated he had gone in the alley to urinate. On this state of facts it is apparent that the evidence on behalf of the People was sufficient, if believed by the jury, to sustain the verdict.

The final contention relating to the prejudicial effect of the prosecutor's argument is without merit. It was within the boundaries of legitimate comment upon the evidence. *People* v. *Keagle,* 7 Ill.2d 408, 415.

There being no prejudicial error in the proceedings in the trial court, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*