THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE ELLIS, Defendant-Appellant.

Second District   No. 79-57

Opinion filed February 20, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Pursuant to a plea agreement, Robert Lee Ellis pleaded guilty to a charge of armed robbery and was sentenced to 5-15 years imprisonment. He moved to vacate his plea and appeals from the denial of his motion. He contends that the court erred in hearing the motion without returning him from the penitentiary so that he could be present; and, further, that he did not understand that a prior offense, dismissed as a part of the plea agreement, could be considered in determining his sentence.

■■ Defendant's claim that he had an absolute right to be present at the hearing on his motion to withdraw his guilty plea is not persuasive under the facts of this case. The generally accepted rule that a defendant has the right to be present at a hearing which affects his substantial rights "does not 'embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict.' [Citations.]" (*People v. Woods* (1963), 27 Ill. 2d 393, 395.) In *Woods* it was held that defendant's counsel in the absence of the defendant could agree to a continuance of trial. See also *Neville v. Friedman* (1977), 67 Ill. 2d 488, 493, holding that an agreement to a continuance by defense counsel without the presence of the defendant can constitute a delay of the running of the 120-day term attributable to the defendant. Defendant's presence has also been held not to be required at the court's consideration of a jury request for information during deliberations (*People v. Pierce* (1974), 56 Ill. 2d 361, 365); or at a motion made under section 72 of the Illinois Civil Practice Act to set aside a guilty plea (*Pippin v. People* (1947), 398 Ill. 128, 131). This court has recently held that the defendant's absence from argument on his motion for a mistrial and the examination of the jurors to determine whether they were affected by alleged trial publicity was not error since his presence would have contributed nothing to either the presentation of

the argument or the examination of the jurors. (*People v. Saltz* (1979), 75 Ill. App. 3d 477, 480.) And on the exact question before us it has been held that the presence of the defendant is not necessary at a hearing on a motion to withdraw a guilty plea. See *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 1008.

■■ Although we cannot agree, as defendant argues, that there is an absolute right to be present at a hearing on a motion to vacate a guilty plea, we should not be understood as holding that there is no right to such presence under all circumstances. In *People v. Woods*, the Illinois Supreme Court quoted with approval a portion of Mr. Justice Cardozo's discussion of the underlying principles set forth in *Snyder v. Commonwealth of Massachusetts* (1934), 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330:

> "The rule there announced is that 'in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.' (291 U.S. at 105)." 27 Ill. 2d 393, 395.

If, for example, the motion to vacate a guilty plea alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing his presence should be required.

In this case defendant in support of his motion to withdraw his plea states in his affidavit that he misunderstood the extent to which the dismissed offense could be used against him in the sentencing hearing. Yet he does not allege any particular facts which created or contributed to his misunderstanding. The record includes a lengthy colloquy in which the court very specifically advised the defendant that the State's Attorney would ask the court to dismiss the other armed robbery case upon the plea of guilty in this case but that he expected to tell the court "what happened in that other case so far as his evidence shows to permit the Court to have full information about your background and what you've done." While the defendant first stated that he did not understand "why they're going to still hold that case against me if they're going to drop it," the court carefully pointed out that they were not holding it against the defendant in the sense that he would be convicted of the separate crime or sentenced for the separate crime. Further, the court stated that it did not want any misunderstanding on the defendant's part about the terms and adjourned the hearing so that the defendant could discuss the matter with his attorney. Before the defendant talked to his attorney the judge again advised the defendant that he had a right and an obligation to inquire into the defendant's background and "whatever record there may be of criminality on your part for the purpose of appropriately sentencing you in this case." When the defendant returned after an interval

defendant conceded that "it's the state's attorney right to do that, to bring that, the aggravation, into this presentence here." The court further carefully admonished the defendant before accepting the plea, and the defendant acknowledged that the question of the penalty was left entirely to the judge.

The court, after accepting the defendant's guilty plea, permitted the prosecution to call the victim of the armed robbery, in connection with the charge which was dismissed, as a witness at the sentencing hearing. The witness identified the defendant as the gunman in the previous armed robbery. After being sentenced the defendant stated, in substance, that he didn't think the second case was going to be used against him. The court advised him of his right to file a motion to withdraw his plea.

■■ The record indicates defendant's assent to the use of the other offense in considering the sentence; the trial court was clear in its explanation of the consequences of the plea; and no facts are presented outside the record which would require the defendant's presence. Under these circumstances his presence did not have a reasonably substantial relation to his opportunity to support his motion to vacate, and his presence was therefore not required. The judgment is therefore affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.