THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM THOMAS, Defendant-Appellant.

Second District   No. 2—88—0116

Opinion filed January 22, 1990.

G. Joseph Weller and Francine Harrison, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:
Defendant, William Thomas, was charged by information with the

offenses of armed robbery, reckless conduct, aggravated assault, unlawful use of a weapon, theft of a firearm, and battery. On January 7, 1987, pursuant to negotiation with the State, defendant entered a plea of guilty to a reduced charge of robbery and was sentenced to a period of 36 months' probation. A condition of his probation was that he not violate any criminal statute of any jurisdiction.

On August 31, 1987, the State filed a petition for revocation of the defendant's probation. This petition contained two counts, each of which alleged that the defendant had violated his probation by unlawfully possessing less than 15 grams of the controlled substance diazepam (count I) and alprazolam (count II) in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)).

The cause proceeded to a hearing on September 1, 1987, at which time defendant was represented by an assistant public defender. After hearing the evidence presented by both parties, the court found by a preponderance of the evidence that defendant had violated his probation, whereupon the court revoked defendant's probation and ordered a presentence investigation and report.

At the sentencing hearing held on September 18, 1987, defendant was represented by private counsel. After hearing argument from both counsel, the court sentenced defendant to a term of five years' imprisonment for the original offense of robbery.

On October 17, 1988, defendant mailed his motion to reduce sentence to Judge Hoogasian's clerk. This motion was filed by the clerk of the circuit court on October 20, 1988.

Pursuant to section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)), defendant filed a motion to reduce his sentence. At the November 19, 1987, hearing on said motion, defendant appeared *pro se*. He was not offered appointed counsel, nor was he asked if he wished to waive representation by counsel. Thereat, the State objected to the motion on the basis that it had not been filed within 30 days of the judgment. The State failed to note, however, that the mailing date of the motion was, in fact, within the 30-day period. The court found that, since defendant had been brought to court from prison pursuant to a writ of *habeas corpus ad prosequendum*, defendant should be allowed to argue his motion.

Defendant argued that, prior to the hearing on the State's petition to revoke his probation, he was made an offer for a plea agreement. He said that this offer was conveyed to him by his then-appointed counsel and that he at first declined the offer but later accepted it. Defendant alleged further that his private attorney at

sentencing refused to call any witnesses who could prove that the plea offer was made. Valerie Ceckowski, the assistant public defender who represented defendant at the probation revocation hearing, testified that defendant apparently misunderstood the substance of her negotiations with the State and that the plea offer that defendant referred to was never actually made. The prosecutor also denied having made such a plea offer. The court then denied defendant's motion to reduce sentence.

On February 3, 1988, the defendant filed a *pro se* motion for credit for time served on probation with the clerk of the circuit court. On the same date, the court denied said motion.

On appeal, defendant raises two issues, namely, that he was denied his constitutionally guaranteed right to counsel at the hearing on his motion to reduce his sentence and that the trial court had no authority to deny him credit for time served on probation.

■ Both sides agree that the sixth amendment's guarantee of the assistance of counsel applies to all "critical stages" of criminal proceedings. (*United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926.) The parties also agree that sentencing is a critical stage of criminal proceedings. (*People v. Smith* (1985), 133 Ill. App. 3d 574.) However, defendant contends that a hearing on a motion to reduce a sentence is a critical stage, and the State argues that such a hearing does not rise to being a critical stage.

Initially, we note that defendant does not cite any authority for his contention but merely asserts that a hearing to reduce or modify any sentence is as crucial as the sentencing hearing itself.

■ In response, the State cites *Mempa v. Rhay* (1967), 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254, wherein the Supreme Court noted that counsel is required at every stage where substantial rights of a criminal accused might be affected. *Mempa* also observed that an important consideration is whether legal rights could be lost if not exercised at the relevant stage of criminal proceedings. The State contends that neither of these considerations is at issue in a hearing to reduce the sentence, and, therefore, a trial court is not required to appoint counsel to an indigent defendant at such a hearing. We agree.

As the State asserts, the motion to reduce a sentence, unlike a post-trial motion, is not required as part of a trial, and a defendant's failure to raise an issue in said motion will not result in its waiver of the issue on appeal. Moreover, there is no case law which bars appellate review of a sentence for failure to make a motion to reduce the sentence.

In *People v. Parr* (1976), 35 Ill. App. 3d 539, defendant contended

that his sentence should be reduced. The State argued that this motion had been waived because defendant failed to file a motion for sentence reduction pursuant to section 5—8—1(d) of the Unified Code of Corrections. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c).) The *Parr* court observed that the cited statute enlarged the trial court's power to modify the sentence it had imposed. The *Parr* court went on to say that it was "unaware of any authority for the State's proposition that the failure to file such a motion constitutes a waiver of any review of the severity of the sentence imposed." (*Parr*, 35 Ill. App. 3d at 543.) The court then expressly refused to interpret the statute in the manner suggested by the State. We find the *Parr* holding to control here. A defendant's failure to move the trial court to reduce his sentence does not result in the waiver of the issue of the sentence's severity on appeal.

Thus, under both considerations put forward in *Mempa*, a hearing on a motion to reduce sentence is not a critical criminal proceeding. Consequently, the court below was not required to appoint counsel to represent defendant at the hearing on the motion to reduce sentence.

■ Defendant also contends that the trial court had no authority to deny him credit for time served on probation. Defendant argues that the pronouncement of his sentence preceded the amendment of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h)). The former version of section 5—6—4(h) was in effect. It read in pertinent part:

> "Time served on probation, conditional discharge or supervision *shall be credited* by the court against a sentence of imprisonment *** *unless the court orders otherwise.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(h).)

This section was subsequently amended, effective January 1, 1988, and it now provides that such credit will not be given unless the court so orders.

As defendant argues, and the State concedes, because the trial court did not order denial of credit for time served on probation, defendant is entitled to such credit. *People v. Hills* (1980), 78 Ill. 2d 500.

This cause is remanded for correction of the mittimus so that it reflects the credit to defendant's sentence for the time he served on probation.

Affirmed in part; remanded in part.

DUNN and McLAREN, JJ., concur.