660 N.E.2d 1321 (1996)
254 Ill.App.3d 283
214 Ill.Dec. 372
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Robert BRASSEAUX, Defendant-Appellant.
Nos. 2-92-0596, 2-92-0599, 2-92-0600 and 2-92-0601.
Appellate Court of Illinois, Second District.
January 25, 1996.
*1322 G. Joseph Weller Deputy Defender, Kathleen J. Hamill, Office of the State Appellate Defender, Elgin, for Robert Brasseaux.
Michael J. Waller, Lake County State's Attorney, Waukegan, William L. Browers, Deputy Director, David A. Bernhard, Mary Beth Burns, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Justice GEIGER delivered the opinion of the court:
On March 30, 1992, the defendant, Robert Brasseaux, in four separate cases, entered negotiated pleas of guilty to one count each of forgery, felony theft, robbery, and burglary. On the same date, he was sentenced to concurrent terms of 10 years' imprisonment on each count. On April 15, 1992, the defendant's pro se motions to reconsider sentence were heard and denied. The defendant filed timely notices of appeal. On December 27, 1993, this court reversed and remanded for further proceedings. (People v. Brasseaux (1993), 254 Ill.App.3d 283, 192 Ill.Dec. 960, 625 N.E.2d 1115.) In addition, this court ordered the circuit court to correct the mittimuses in case Nos. 92-CF-74 and 92-CF-194 to reflect sentences of five years each. (Brasseaux, 254 Ill.App.3d at 292, 192 Ill. Dec. 960, 625 N.E.2d 1115.) On March 7, 1994, the State filed a petition for leave to appeal to the Illinois Supreme Court. On October 4, 1995, in denying the State's petition for leave to appeal, the Illinois Supreme Court vacated this court's judgment dealing with the extended term sentence for the defendant's Class 3 felony convictions and remanded the cause to this court with directions to reconsider our decision in light of People v. Coleman (1995), 166 Ill.2d 247, 209 Ill.Dec. 782, 652 N.E.2d 322. In compliance with the order of the Illinois Supreme Court, we withdraw our December 27, 1993, opinion and issue this modified opinion.
The defendant appeals from the denial of his motions to reconsider sentence. A motion to consolidate these cases on appeal was granted. The issue on appeal is whether the proceedings held on the defendant's pro se motions to reconsider sentence, which resulted in the denial of the motions, violated his right to effective assistance of counsel and due process.
On February 5, 1992, the defendant was charged, by four indictments, with various offenses, all of which occurred in December 1991 and January 1992. In case No. 92-CF-74, the defendant was charged with two counts of forgery. Both offenses allegedly occurred on January 4, 1992: one at a currency exchange in North Chicago and the other at a currency exchange in Vernon Hills. In case No. 92-CF-194, the defendant was charged with a single count of theft of property valued at over $300. That offense allegedly occurred on January 15, 1992, at a "7-Eleven" store in Waukegan. In case No. 92-CF-212, the defendant was charged with one count each of armed robbery and robbery. Both offenses allegedly occurred at the same Waukegan "7-Eleven" store as did the theft, but five days earlier, on January 10, 1992. In case No. 92-CF-216, the defendant was charged with two counts of burglary. *1323 Both burglary offenses allegedly occurred at the Enfield Industrial Corporation building in Lake Bluff, one on December 27, 1991, and the other on January 8, 1992.
On March 30, 1992, the defendant, who was represented by an assistant public defender, entered pleas of guilty in each of his four cases. In case No. 92-CF-74, he pleaded guilty to one count of forgery; in case No. 92-CF-194, he pleaded guilty to one count of felony theft; in case No. 92-CF-212, he pleaded guilty to one count of robbery; and in case No. 92-CF-216, he pleaded guilty to one count of burglary. It was agreed that in return for his pleas, he would receive four concurrent sentences of 10 years' imprisonment for his convictions and all of the remaining charges against him would be nol prossed.
The court admonished the defendant pursuant to Supreme Court Rule 402 (134 Ill.2d R. 402). The court explained the potential penalties that the defendant could receive for each of his convictions. As a factual basis for the pleas, the court asked the defendant if he had committed each offense, and the defendant stated that he had.
After the pleas were accepted, the defendant waived his right to a presentence report. The court then imposed extended terms of 10 years each for the defendant's two convictions of Class 2 felonies, robbery and burglary, and stated that the sentences for the remaining offenses, both of which were Class 3 felonies, were "the maximum term." The mittimuses filed in all four cases state that each sentence is 10 years and runs concurrently with the terms imposed in the other three cases.
On April 7, 1992, the defendant filed, pro se, a document titled, "Motion to Reconsider Sentence," which was captioned with the numbers of all four of the cases. The motion resembles a notice of appeal. It contains no allegations of error and no prayer for relief. It includes the defendant's name, the date of the judgments, the offenses committed, and the sentences received. The defendant alleged that he was indigent and requested the appointment of counsel.
Despite the motion's deficiencies, the trial court set it for a hearing on April 15, 1992. The defendant was not present at the hearing and he was not represented by the assistant public defender who had been his attorney up until the hearing. Instead, a different assistant public defender appeared for the defendant for the first time in any of the four cases. The entirety of the hearing follows:
"MR. POLENZANI [Prosecutor]: People of the State of Illinois versus Brasseaux, 92 CF 194, 212, 216, 74. The Defendant is in custody of the Illinois Department of Corrections, represented by Assistant Public Defender, David Brodsky. People of the State of Illinois by Assistant State's Attorney, Joe Polenzani.
Judge, this matter is up on defendant's motion.
MR. BRODSKY: Your Honor, I obviously didn't motion it up. I believe the Defendant wrote a letter to the Court, which has a file stamp date of April 17th [sic: 7th], entitledhandwritten something entitled motion to reconsider sentence. There is [sic] six paragraphs contained in there and no real prayer for relief. However
THE COURT: How about if I reconsider it? Robbery, burglary, forgery, and theft. I'll deny the motion.
If you would advise him he has 30 days in which to appeal?"
On May 8, 1992, notice of appeal was filed in all four cases. The record also contains copies of a pro se notice of appeal which was file stamped May 15, 1992, and a letter from the defendant to the trial judge, dated May 9, 1992, and file stamped May, 15, 1992. In the letter, the defendant stated in relevant part:
"I am writing you in regards of your denial of my motion to reconsider sentence. You denied that motion on April 15, 1992. I only filed the motion on thought that I felt I was not properly represented. The attorney that was representing me Assistant Public Defender Richard Daniels told me himself that he couldnt [sic] do much for me.

*1324 Mr [sic] Daniels told me that he held a 402 conference with you and told me that you said if I did not except [sic] the 10 year sentance [sic] that I would recive [sic] much more."
The defendant went on to list facts which he thought warranted the imposition of lesser terms. No response to the letter is included in the record.
On appeal, the defendant argues that he was denied the effective assistance of counsel and due process of law because his pro se "Motion to Reconsider Sentence" was insufficient, the assistant public defender who represented him at the hearing did not afford him the effective assistance of counsel, and he was not present at the hearing on the motion.
Before we consider the defendant's claim that he was denied the effective assistance of counsel at the hearing on his "Motion to Reconsider Sentence," we will address the issue of whether the defendant was entitled to court-appointed counsel at the hearing. This court was presented with this issue in People v. Thomas (1990), 193 Ill.App.3d 525, 140 Ill.Dec. 547, 550 N.E.2d 29. In Thomas, this court stated:
"Both sides agree that the sixth amendment's guarantee of the assistance of counsel applies to all `critical stages' of criminal proceedings. (United States v. Wade (1967), 388 U.S. 218, 18 L.Ed.2d 1149, 87 S.Ct. 1926.) The parties also agree that sentencing is a critical stage of criminal proceedings. (People v. Smith (1985), 133 Ill.App.3d 574 [88 Ill.Dec. 689, 479 N.E.2d 24].) However, defendant contends that a hearing on a motion to reduce a sentence is a critical stage, and the State argues that such a hearing does not rise to being a critical stage.
Initially, we note that defendant does not cite any authority for his contention but merely asserts that a hearing to reduce or modify any sentence is as crucial as the sentencing hearing itself.
In response, the State cites Mempa v. Rhay (1967), 389 U.S. 128, 19 L.Ed.2d 336, 88 S.Ct. 254, wherein the Supreme Court noted that counsel is required at every stage where substantial rights of a criminal accused might be affected. Mempa also observed that an important consideration is whether legal rights could be lost if not exercised at the relevant stage of criminal proceedings. The State contends that neither of these considerations is at issue in a hearing to reduce the sentence, and, therefore, a trial court is not required to appoint counsel to an indigent defendant at such a hearing. We agree.
As the State asserts, the motion to reduce a sentence, unlike a post-trial motion, is not required as part of a trial, and a defendant's failure to raise an issue in said motion will not result in its waiver of the issue on appeal. Moreover, there is no case law which bars appellate review of a sentence for failure to make a motion to reduce the sentence.
* * * * * *
Thus, under both considerations put forward in Mempa, a hearing on a motion to reduce sentence is not a critical criminal proceeding. Consequently, the court below was not required to appoint counsel to represent defendant at the hearing on the motion to reduce sentence." Thomas, 193 Ill.App.3d at 527-28, 140 Ill.Dec. 547, 550 N.E.2d 29.
After Thomas, our supreme court held that a defendant who enters a plea of guilty and objects on appeal only to the sentence imposed must, as a prerequisite to appeal from that sentence, file a motion to reconsider sentence. People v. Wallace (1991), 143 Ill.2d 59, 60, 155 Ill.Dec. 821, 570 N.E.2d 334.
As an extension of the rule in Wallace, this court has held that any issue not raised in a motion to reconsider sentence is waived on appeal. People v. Bronson (1991), 216 Ill. App.3d 839, 842, 159 Ill.Dec. 780, 576 N.E.2d 449.
After Wallace and Bronson, the conclusion reached by this court in Thomas that a hearing on a motion to reduce sentence is not a "critical stage" of the criminal proceedings is no longer correct. Thus, we do not follow it. We find that a hearing on a motion to reconsider sentence is a "critical stage" of the criminal proceedings since substantial *1325 rights of the defendant may be affected. (See, Wallace, 143 Ill.2d at 60, 155 Ill.Dec. 821, 570 N.E.2d 334; Bronson, 216 Ill.App.3d at 842, 159 Ill.Dec. 780, 576 N.E.2d 449.) Therefore, we conclude that the defendant was entitled to the appointment of counsel at the hearing on his motion to reconsider sentence.
Despite its deficiencies, the defendant's pro se motion was treated as a motion to reconsider sentence by the court and the parties below. Thus, the jurisdictional requirement recognized in Wallace was met in this case. (See Wallace, 143 Ill.2d at 60, 155 Ill.Dec. 821, 570 N.E.2d 334.) Nevertheless, the motion fell far short of satisfying the rule stated in Bronson that a motion to reconsider sentence must set forth any and all allegations of sentencing error which the defendant wishes to raise on appeal. See Bronson, 216 Ill.App.3d at 842, 159 Ill.Dec. 780, 576 N.E.2d 449.
The defendant had 30 days from the date of sentencing in which to file a motion to reconsider sentence. (See Ill.Rev.Stat.1991, ch. 38, par. 1005-8-1(c) (now 730 ILCS 5/5-8-1(c) (West 1992)).) The defendant's motion was mailed to the court one week after his sentences were imposed and was heard and denied by the end of the following week. There is no indication in the record that any effort was made by the public defender's office to contact the defendant before the hearing to find out what specific allegations of error he intended to have raised. That the defendant was not present at the hearing on the motion and that the attorney who represented him at the hearing had never before appeared in the cases made the failure to consult with the defendant even more egregious. The defendant's motion was heard and denied without the benefit of any information regarding why the defendant thought that his sentences were illegal or unfair.
The assistance of counsel is ineffective where the attorney's acts or omissions were outside of the wide range of professionally competent counsel and where there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; People v. Albanese (1984), 104 Ill.2d 504, 85 Ill.Dec. 441, 473 N.E.2d 1246.) The defendant's indication that he wanted to attack his sentence should have moved counsel, at a minimum, to contact the defendant, discuss the viability of his claims, and if the defendant still wished to go forward with his motion, amend the pro se filing to include them. There is a reasonable probability that the result of the hearing would have been different had the assistant public defender contacted the defendant, discussed his claims, amended the pro se "Motion to Reconsider Sentence," and effectively argued the motion.
A situation which resembles the case at bar was confronted by the Appellate Court, Fifth District, in People v. Keele (1991), 210 Ill.App.3d 898, 155 Ill.Dec. 301, 569 N.E.2d 301. In Keele, the defendant, who had pleaded guilty, filed a motion to withdraw his plea and a motion to reconsider sentence. (Keele, 210 Ill.App.3d at 901, 155 Ill.Dec. 301, 569 N.E.2d 301.) The allegations contained in the motion to withdraw the plea did not specify why the defendant thought that his plea was not voluntary. (Keele, 210 Ill. App.3d at 901, 155 Ill.Dec. 301, 569 N.E.2d 301.) At the hearing on the motion, defense counsel, who was not the author of the motions, did not elaborate on the defendant's claims. (Keele, 210 Ill.App.3d at 901, 155 Ill.Dec. 301, 569 N.E.2d 301.) Instead, counsel told the court that the motions had been filed solely as a "vehicle" for getting the case into the appellate court and stated that the defense did not expect to be given actual relief at the hearing other than the right to go forward with the appeal. (Keele, 210 Ill. App.3d at 901, 155 Ill.Dec. 301, 569 N.E.2d 301.) The opinion does not mention whether the defendant himself was present at the hearing on the post-plea motions.
Focusing on the insufficient motion to withdraw the plea, the court rejected the suggestion that Rule 604(d) contemplated nothing more than the pro forma filing of a motion. (Keele, 210 Ill.App.3d at 902, 155 Ill.Dec. 301, 569 N.E.2d 301.) Instead, the court observed that the rule was designed to eliminate needless trips to the appellate *1326 court by giving the trial court an opportunity to consider the defendants' claims of error and to make a record for the appellate court to consider on review where the defendants' claims are disallowed. (Keele, 210 Ill.App.3d at 902, 155 Ill.Dec. 301, 569 N.E.2d 301.) The court ordered that the cause be remanded to the circuit court to allow the defendant "to file a proper motion to withdraw his guilty plea in order that a hearing on his motion as contemplated by Rule 604(d) can be conducted." Keele, 210 Ill.App.3d at 903, 155 Ill.Dec. 301, 569 N.E.2d 301.
Although the Keele court did not also specifically address the defendant's motion to reconsider sentence, its reasoning and remedy for the insufficient Rule 604(d) motion should apply likewise to the situation in this case. The motion that was filed in this case was no more than a pro forma motion to reconsider, not sufficient to raise any issue, let alone request any relief. Indeed, under Bronson, as a practical matter, the issueless motion preserved absolutely nothing for review on these instant appeals. See Bronson, 216 Ill.App.3d at 842, 159 Ill.Dec. 780, 576 N.E.2d 449.
We will follow the example of the Keele court and reverse the lower court's order denying the defendant's pro se motion to reconsider sentence and remand this cause to allow the defendant another 30 days in which to file post-plea motions, this time with the effective assistance of counsel. See Keele, 210 Ill.App.3d at 903, 155 Ill.Dec. 301, 569 N.E.2d 301.
The defendant argues that the problem in this case could have been avoided, for all practical purposes, had he been present at the hearing on the motion. Since the attorney who appeared on the defendant's behalf had had no prior contact with the defendant's cases, the defendant argues that it would be ridiculous to find that the appearance of counsel rendered the defendant's presence unnecessary. The defendant argues that some form of additional input from him personally was required to render the hearing complete and fair. The defendant argues that the failure to arrange to have him attend the hearing amounted to a denial of due process of law and rendered the hearing and its outcome unfair.
We need not decide whether the fact that the defendant was not afforded the opportunity to be present was reversible error under the facts in this case since we have already decided that the defendant was denied the effective assistance of counsel. However, since the issue of whether the defendant is entitled to be present at a hearing on a motion to reconsider sentence could come up again on remand, we will address the issue.
In People v. Woods (1963), 27 Ill.2d 393, 395,189 N.E.2d 293, quoting United States v. Lynch (3d Cir.1942), 132 F.2d 111, 113, the Illinois Supreme Court stated:
"The well-nigh unanimous rule in this country is that the defendant's constitutional right to be present at the trial does not `embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict.'"
In People v. Hummel (1977), 48 Ill.App.3d 1002, 1008, 7 Ill.Dec. 837, 365 N.E.2d 122, the Appellate Court, Fourth District, explained that, "[a] defendant possesses a constitutional right to be present at every stage of his trial [citation], but this rule has not generally been extended beyond the sentencing stage."
In People v. Ellis (1980), 81 Ill.App.3d 351, 352, 36 Ill.Dec. 601, 401 N.E.2d 282, this court stated:
"Defendant's claim that he had an absolute right to be present at the hearing on his motion to withdraw his guilty plea is not persuasive under the facts of this case. The generally accepted rule that a defendant has the right to be present at a hearing which affects his substantial rights `does not "embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict" [Citations].' (People v. Woods (1963), 27 Ill.2d 393, 395 [189 N.E.2d 293].)"
In Ellis this court also stated:
"Although we cannot agree, as defendant argues, that there is an absolute right to be present at a hearing on a motion to vacate a guilty plea, we should not be understood as holding that there is no *1327 right to such presence under all circumstances. In People v. Woods, the Illinois Supreme Court quoted with approval a portion of Mr. Justice Cardozo's discussion of the underlying principles set forth in Snyder v. Commonwealth of Massachusetts (1934), 291 U.S. 97, 78 L.Ed. 674, 54 S.Ct. 330:
`The rule there announced is that "in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." (291 U.S. at 105 [54 S.Ct. at 332]).' 27 Ill.2d 393, 395 [189 N.E.2d 293]." Ellis, 81 Ill.App.3d at 353, 36 Ill.Dec. 601, 401 N.E.2d 282.
This court in Ellis went on to state: "If, for example, the motion to vacate a guilty plea alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing his presence should be required." Ellis, 81 Ill.App.3d at 353, 36 Ill.Dec. 601, 401 N.E.2d 282.
The rule should be the same for a hearing on a motion to reconsider sentence. We conclude that if a motion to reconsider sentence alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing, the defendant's presence should be required. (See Ellis, 81 Ill.App.3d at 353, 36 Ill.Dec. 601, 401 N.E.2d 282.) If, however, a motion to reconsider sentence does not allege facts outside of the record and does not raise issues which may not be resolved without an evidentiary hearing, his presence should not be required. See Ellis, 81 Ill.App.3d at 354, 36 Ill.Dec. 601, 401 N.E.2d 282.
The Appellate Court, Fourth District, recently addressed this same issue in People v. Burke (1992), 226 Ill.App.3d 798, 168 Ill.Dec. 596, 589 N.E.2d 996. In Burke, the court first noted that the defendant's motion to reconsider sentence presented only legal issues, the resolution of which did not require his presence, since the defendant failed to present any factual issues outside the record. (Burke, 226 Ill.App.3d at 803, 168 Ill.Dec. 596, 589 N.E.2d 996.) The court held that the defendant had no constitutional right to be present at the hearing on his motion to reconsider sentence. Burke, 226 Ill.App.3d at 804, 168 Ill.Dec. 596, 589 N.E.2d 996.
Finally, the defendant argues that his extended-term sentences for forgery and theft should be reduced to five years. The defendant argues that since he was sentenced to extended terms for burglary and robbery, which are Class 2 felonies, he cannot be sentenced to extended terms for forgery and theft, which are Class 3 felonies. The defendant bases his argument on section 5-8-2(a) of the Unified Code of Corrections (Ill.Rev.Stat.1991, ch. 38, par. 1005-8-2(a) (now 730 ILCS 5/5-8-2(a) (West 1992))).
However, as our supreme court stated in People v. Coleman (1995), 166 Ill.2d 247, 257, 209 Ill.Dec. 782, 652 N.E.2d 322:
"We interpret section 5-8-2(a) of the Unified Code of Corrections (Ill.Rev.Stat. 1991, ch. 38, par. 1005-8-2(a)) to allow for the imposition of extended terms on separately charged, differing class offenses that arise from unrelated courses of conduct regardless of whether the cases are separately prosecuted or consolidated."
Because the four instant cases resulted from separate and unrelated courses of conduct, the trial court had the option to impose an extended term for each conviction.
For the foregoing reasons, the orders of the circuit court of Lake County denying the defendant's motions to reconsider sentence are reversed, and the causes are remanded for further proceedings consistent with this decision.
Reversed and remanded with instructions.
McLAREN, P.J., and DOYLE, J., concur.