NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180079-U

NO. 4-18-0079

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 29, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macoupin County |
| THOMAS HESS JR., | ) | No. 16CF283 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joshua A. Meyer, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Knecht and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed defendant's conviction and remanded for the limited
purpose of granting defendant an opportunity to file a motion to reconsider his
sentence.

¶ 2        In December 2016, defendant, Thomas Hess Jr., was charged with predatory
criminal sexual assault, a Class X felony, alleging he committed an act of sexual penetration with
K.H. when defendant was 17 years of age or older and K.H. was under 13 years of age. 720 ILCS
5/11-1.40(a)(1) (West 2016). A jury found defendant guilty in November 2017. In January 2018,
the trial court sentenced defendant to 35 years in prison.

¶ 3        Defendant appeals, claiming only that he received ineffective assistance of counsel
because his trial counsel failed to file a motion to reconsider his 35-year sentence.

¶ 4        We affirm but remand for the limited purpose of granting defendant an opportunity
to file a motion to reconsider his sentence.

¶ 5                              I. BACKGROUND

¶ 6           In December 2016, the State charged defendant with predatory criminal sexual assault, a Class X felony, for allegedly having "penetrated the rectum of K.H. with his penis" at a time when defendant was 17 years of age or older and K.H. was under 13 years of age. *Id.*

¶ 7           In November 2017, the trial court conducted defendant's jury trial. Because what occurred at trial is not at issue in this appeal, we need not discuss the evidence. The jury found defendant guilty of predatory criminal sexual assault.

¶ 8           In January 2018, the trial court conducted defendant's sentencing hearing. The State presented victim impact statements from defendant's sister, Nadine, and defendant's brother, Robert. The State argued that three statutory aggravating factors applied: (1) defendant's conduct caused serious emotional harm to K.H., (2) defendant's sentence is necessary to deter others from committing this same crime, and (3) defendant committed the offense while in a position of trust. 730 ILCS 5/5-5-3.2(a)(1), (7), (14) (West 2016). The State recommended a sentence of 35 years in prison.

¶ 9           Defendant called his aunt, Rosemary Davis, who said that she loved defendant and planned to remain a part of his life. Davis testified that when defendant is released from prison, she plans to help him start a new life and will "be there" for him. Defendant argued, "[W]e are not trying to minimize [the offense], we understand the gravity. However, the Legislature did set the sentencing guidelines at [6] to [60] years[,] and we don't believe that the State has shown the aggravating factors necessary to warrant" 35 years in prison. Defendant further argued that he had no prior criminal convictions and his criminal conduct was the result of circumstances unlikely to recur. Defendant then recommended a sentence between six and eight years in prison. Defendant also made a statement in allocution.

¶ 10        Later in January 2018, the trial court sentenced defendant to 35 years in prison and filed a written order in which it explained how it arrived at that sentence. In its order, the court stated that it considered (1) the evidence presented at trial; (2) the presentence report; (3) the financial impact of incarceration; (4) the evidence offered in aggravation and mitigation; (5) the defendant's credibility, demeanor, moral character, mentality, social environment, age, and the nature and circumstances of the offense; (6) arguments as to sentencing alternatives; (7) defendant's statement of allocution; and (8) the victim impact statements. The court also noted it considered "[a]ll relevant factors even if not specifically mentioned in this decision."

¶ 11        The trial court agreed with the State that the three factors in aggravation that applied were the ones related to harm, deterrence, and trust. The court concluded that (1) the act itself caused physical harm, and the victim experiences ongoing emotional and psychological harm; (2) "[d]eterring others from sexually assaulting children is necessary;" and (3) defendant was in a position of trust because he was the victim's father. The court agreed with defendant that his lack of prior criminal activity was a factor in mitigation. The court agreed somewhat with defendant that the conduct was unlikely to recur and therefore "considered this factor but gave little weight to it in determining its sentence."

¶ 12        The trial court sentenced defendant to 35 years in prison. Following that sentence, the court admonished defendant regarding his appellate rights, including that if defendant wished to challenge his sentence, he must file a written motion asking the court to reconsider the sentence within 30 days. Defendant did not file a motion to reconsider sentence.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        Defendant appeals, claiming only that he received ineffective assistance of counsel

because his trial counsel failed to file a motion to reconsider his 35-year sentence.

¶ 16        We affirm but remand for the limited purpose of granting defendant an opportunity to file a motion to reconsider sentence.

¶ 17                                A. The Law

¶ 18        Every criminal defendant has a constitutional right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. This right applies to all critical stages of criminal proceedings, which includes every instance "where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134 (1967). Because filing a motion to reconsider sentence is a prerequisite to raising sentencing issues on appeal, it is considered a critical stage of the criminal proceedings at which a defendant is entitled to effective assistance of counsel. *People v. Williams*, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005); *People v. Brasseaux*, 254 Ill. App. 3d 283, 288, 660 N.E.2d 1321, 1324-25 (1996).

¶ 19        To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's representation is unreasonable if "no reasonably effective defense attorney, facing similar circumstances, would pursue such a strategy." *People v. King*, 316 Ill. App. 3d 901, 916, 738 N.E.2d 556, 568 (2000). Counsel's representation prejudices a defendant if there is a reasonable probability that, absent counsel's error, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694.

¶ 20                                B. This Case

¶ 21        Here, counsel's failure to file a motion to reconsider defendant's sentence was ineffective assistance of counsel. Counsel recommended a sentence of 6 to 8 years in prison, and

when the court imposed a sentence of 35 years in prison, counsel did not file a motion to reconsider the sentence. In response to the State's recommendation that defendant serve 35 years in prison, defense counsel argued, "[W]e don't believe that the State has shown the aggravating factors necessary to warrant" a 35-year sentence.

¶ 22 We conclude that defense counsel acted deficiently for two reasons. First, counsel deprived defendant of the ability to challenge his sentence on appeal. As defendant notes, because a sentence can only be decreased, not increased, through this process, defense counsel had every reason to file the motion and no reason not to. Second, defense counsel opined that a sentence of 35 years would be inappropriate and unjustified based upon what the State had presented. In one moment, counsel argued that 35 years was unjustified. In the next moment, counsel acquiesced to that very sentence by failing to both (1) move for the trial court to reconsider the sentence and (2) preserve the issue for review by the appellate court. These contradictory actions are not reasonable.

¶ 23 Defense counsel's representation prejudiced defendant by failing to preserve any sentencing issues for appeal. As previously noted, a defendant is prejudiced if absent the error, there is a reasonable probability that the result would have been different. *Id.* However, under the peculiar circumstances of this case, we conclude that the fairest and most appropriate action for this court is to ensure that defendant is not deprived of his ability to challenge his sentence on appeal.

¶ 24 Although we express no opinion as to the ultimate merits of a future excessive sentence claim, we conclude that, under these circumstances, defendant was prejudiced by his counsel's forfeiting defendant's ability to raise the issue of an excessive sentence on appeal.

¶ 25 III. CONCLUSION

¶ 26        For the reasons stated, we affirm but remand for the limited purpose of (1) granting defendant an opportunity to file a motion to reconsider sentence and (2) authorizing the trial court to conduct a hearing on that motion.

¶ 27        Affirmed and remanded.