NOTICE
Decision filed 12/14/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220667-U

NO. 5-22-0667

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-CF-1396 |
| | ) | |
| DAMON L. GENTRY, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Vaughan and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the denial of the defendant's postplea motion where we do not agree that the defendant's due process rights were violated by his absence from the hearing on that postplea motion, because, *inter alia*, under the standards set forth in existing precedent, there was no requirement that he be present at the hearing.

¶ 2    In this direct appeal, the defendant, Damon L. Gentry, argues that his due process rights were violated by his absence from the hearing on his postplea motion, because he contends that the hearing was a critical stage of the criminal proceedings against him, at which he had a right to be present. He asks this court to reverse the denial of his postplea motion, and to remand for further proceedings on that motion, at which he is either present, or has knowingly and voluntarily waived his presence. For the reasons that follow, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4     Much in this case is undisputed. Accordingly, we recite only those facts necessary to our disposition of the narrow issue raised in this appeal. On June 15, 2022, the defendant entered a plea of guilty to the charge of aggravated domestic battery, a Class 2 felony, in exchange for the State dropping a felony charge of unlawful possession of a stolen vehicle, as well as dropping a DUI charge and several traffic offenses. On July 25, 2022, the defendant was sentenced to serve a term of incarceration of six years in the Illinois Department of Corrections. On August 18, 2022, the defendant filed a motion to reconsider sentence in which he argued that his sentence was excessive.

¶ 5     On September 2, 2022, the defendant filed an amended motion to reconsider sentence, along with an exhibit thereto, in which he argued that his sentence was excessive because the sentence (1) was "not in keeping with the [d]efendant's past history of criminality, mental history, family situation, economic status, education, occupational or personal habits," (2) "put too much weight on [the] defendant's prior convictions," (3) "put too much weight on the 911 recording and its impact on [the] defendant's credibility," (4) "did not put enough weight on [the] defendant's rehabilitative potential," and (5) "improperly considered a factor inherent in the offense." In addition, he argued that his plea and sentencing counsel—who was different from counsel who filed the postplea motion—should have argued at sentencing, but did not argue, "that the bloody fingerprints on the door could have come from [the] defendant because he was also injured and bleeding," and "that the fact that [the] defendant turned himself in should be considered in mitigation." The defendant's name was not included on the service list for either the initial motion, or the amended motion. On September 16, 2022, counsel for the defendant filed a certificate of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The defendant's name was not included on the service list for this filing either.

¶ 6    Also on September 16, 2022, a hearing on the amended motion was held. It is undisputed that the defendant was not present at the hearing, and that no explanation was given for his absence, other than the circuit court's statement at the outset of the hearing: "Show no appearance by [the defendant]. [Defense counsel] appears on his behalf." The transcript of the hearing consists of 13 pages, just over 10 of which are a verbatim transcription of the substance of the hearing. During the hearing, defense counsel was offered the opportunity to present evidence, but declined, stating that he "would simply argue" because he did not "have any additional evidence to present," and would instead "stand essentially on the motion as written."

¶ 7    Defense counsel then presented argument in support of what he termed his "strongest contention," which was that in rendering its sentence, the circuit court "placed weight on a factor inherent in the offense." Specifically, he argued that the "position of trust" factor was inherent in a domestic battery conviction, and that "by considering that [as] a factor in sentencing, this court essentially counted it twice." He did not discuss the other arguments that were contained in his written motion. He asked that the defendant's sentence be reduced. The State responded to counsel's argument, as well as to the other arguments made in counsel's written motion. The State concluded its response by stating that it believed that the circuit "court carefully and appropriately considered the evidence that was presented at the sentencing hearing," that the State did not "believe that the mere household relationship was the central factor in the court's analysis," and that it believed "the previous sentence [should] stand."

¶ 8    In rebuttal, defense counsel candidly stated, with regard to "the issue with bloody handprints," that "[t]he position of the handprints I don't think supports one contention or another." He returned to the argument he initially made, regarding the "position of trust" as a factor inherent in the offense, stating that "[b]y counting that again, even if it influenced the sentence by a small amount, it did influence the sentence." The circuit court noted that it had reread the transcript of

3

the sentencing hearing, then stated that the court did consider the defendant's prior criminal history "and gave that some—not insignificant weight," but that the court "also considered that [the defendant] had gone for a substantial period of time without committing any new offenses, roughly 10 to 12 years." The court discussed the other factors it considered in aggravation and mitigation, as those factors related to the allegations in the defendant's amended postplea motion, then stated that although the court "did inadvertently mention that [the defendant] held a position of trust, overlooking that that is inherent in the offense," the State was correct that "that was not a significant factor in the sentence that the court ultimately imposed." Thereafter, the circuit court denied the defendant's amended postplea motion. This appeal was timely filed on October 4, 2022.

¶ 9                                II. ANALYSIS

¶ 10    On appeal, the defendant's sole contention is that his due process rights were violated by his absence from the hearing on his postplea motion, which he contends represented a critical stage of the criminal proceedings against him, at which he had a right to be present. He argues that his "absence from the hearing denied him a meaningful opportunity to be heard regarding facts outside the record," which in turn denied him due process. He does not specify what the "facts outside the record" are. In support of this argument, he notes that both the federal and state constitutions provide that for due process purposes, a defendant has the right to be present at all critical stages of the criminal proceedings against that defendant. He argues that case law from a panel of this court—*People v. Brasseaux*, 254 Ill. App. 3d 283, 288 (1996)—holds that a hearing on a postplea motion to challenge a sentence is a critical stage of the criminal proceedings against a defendant. He notes that although in his case, the circuit court noted his absence, "nothing in the record affirmatively shows that he waived his presence." Without citation to authority, he posits that "[c]onducting the hearing in [his] absence was reversible error." The defendant notes the holding of the *Brasseaux* court that "if a motion to reconsider sentence alleges facts outside of the record

4

or raises issues which may not be resolved without an evidentiary hearing, the defendant's presence should be required" (see *id*. at 291-92), and contends that "[s]uch is the case here" because "his post-plea motion raised issues that could not be resolved without an evidentiary hearing." He argues that because his sentence was based "upon a series of factual findings made by the judge," if he had "been present for the hearing on his post-plea motion, he could have testified or provided other evidence that was necessary to substantiate the claims in his pleading that the [circuit] court's assessment of the aggravation and mitigation was incorrect and resulted in an excessive sentence." He acknowledges that his due process claim was not preserved in the circuit court, but asks this court to overlook this, or to consider the claim under the plain-error doctrine. He notes that in cases involving a circuit court's private in-chambers review—outside the presence of the defendant—of evidence to be presented during a trial, the plain-error doctrine has been found to apply. See *People v. Lucas*, 2019 IL App (1st) 160501; *People v. Flagg*, 2021 IL App (1st) 191692-U.

¶ 11    Before proceeding, it is important to note several things that the defendant does *not* contend in his opening brief on appeal. First, the defendant does not take issue with his plea proceedings, or ask to withdraw his guilty plea, and he does not claim on appeal that his sentence was excessive. Second, the defendant does not contend that he received ineffective assistance of counsel as a result of the fact that his postplea counsel (1) failed to include him on the service list for the initial motion, the amended motion, and/or the certificate of compliance with Rule 604(d), (2) failed to note and object to the defendant's absence from the hearing in question, and/or (3) failed to insist upon an evidentiary hearing, and/or present evidence at the hearing, even though he was given the opportunity to present evidence and by doing so could have assured the hearing became an evidentiary hearing at which the defendant's presence was required. Third, the defendant does not contend that the circuit court (1) took steps to actively prevent the defendant's presence at the

hearing, such as by barring the defendant from attending the hearing, or (2) denied postplea counsel the opportunity to present evidence at the hearing, if counsel so desired. Fourth, the defendant does not claim—and certainly provides no citation to authority for any such claim—that the circuit court had a *sua sponte* duty to investigate why the defendant was not present in person, and/or to otherwise ensure the defendant's presence at the hearing, or a *sua sponte* duty to insist on an evidentiary hearing, even after counsel stated that he did not desire to present evidence. Accordingly, the defendant has forfeited consideration of any such claims. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing).

¶ 12     The State responds to the arguments made by the defendant in his opening brief on appeal by contending that although it is true that a hearing on a motion to reconsider sentence is a critical stage of criminal proceedings, under existing precedent a defendant's presence "should not be required" at such a hearing if the motion in question "does not allege facts outside of the record and does not raise issues which may not be resolved without an evidentiary hearing." The State points out that the purpose of a motion to reconsider is not to relitigate facts that have already been determined at sentencing, but is "to bring to the [circuit] court's attention changes in the law, errors in the court's previous application of existing law, and newly discovered evidence that was not available at the time of the hearing." Thus, according to the State, only on rare occasions would a defendant's presence be required at such a hearing, and this case does not represent one of those rare occasions. The State further argues that under any analysis, under any line of cases addressing this issue, the absence of the defendant at the hearing in this case was not reversible error.

¶ 13     In reply, the defendant argues that reversible error did occur, because the defendant's absence from the hearing meant that the defendant "could not offer evidence or consult with his

6

attorney," which in turn "deprived him of due process." He argues that because his amended motion sought to challenge his sentence following his entry of a plea of guilty, Illinois Supreme Court Rule 604(d) and its strict compliance requirement is applicable to this case, rather than the cases cited by the State, most of which do not involve challenges to a sentence following a guilty plea. He acknowledges that two of the State's cases do involve guilty pleas, but attempts to distinguish them, and the State's proposed framework for resolving this case, on the basis that in this case his "post-plea motion raised issues that could not be resolved without an evidentiary hearing." In support of this proposition, the defendant argues, in essence, that he needed to present new evidence and/or "confer with counsel" to change the circuit court's mind about the defendant's sentence, and that accordingly, an evidentiary hearing was a necessity. He further argues that his absence from the hearing undermined his ability to perfect this appeal, although he does not allege that any prejudice resulted from this purported undermining, as he does not identify any issues that he has been unable to raise in this appeal as a result of his absence from the hearing, for which, as noted above, a full transcript exists.

¶ 14    There are a number of problems with the defendant's arguments on appeal. First, as noted above, the defendant has made no allegation of ineffective assistance of postplea counsel as a result of the fact that postplea counsel (1) failed to include him on the service list for the initial motion, the amended motion, and/or the certificate of compliance with Rule 604(d), (2) failed to note and object to the defendant's absence from the hearing in question, and/or (3) failed to insist upon an evidentiary hearing, and/or present evidence at the hearing, even though he was given the opportunity to present evidence and by doing so could have assured that the hearing became an evidentiary hearing at which the defendant's presence was required. Moreover, the defendant has not alleged that the circuit court (1) took steps to actively prevent the defendant's presence at the hearing, such as by barring the defendant from attending the hearing, (2) denied postplea counsel

7

the opportunity to present evidence at the hearing, if counsel so desired, (3) had a *sua sponte* duty to investigate why the defendant was not present in person, and/or to otherwise ensure the defendant's presence at the hearing, and/or (4) had a *sua sponte* duty to insist upon an evidentiary hearing on counsel's motion, even after counsel stated that he did not "have any additional evidence to present" and would instead present only argument. Accordingly, as also noted above, the defendant has forfeited consideration of all of these claims. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing).

¶ 15    Thus, although the defendant claims that he has been denied due process, he has not developed and preserved any argument that his counsel was responsible for that alleged denial, or that the circuit court was responsible for it. If counsel did not deny the defendant his due process rights, and the circuit court did not, one is left to wonder who did. Put another way, although the defendant insists that an evidentiary hearing on the motion was necessary in this case, he does not allege that counsel, or the circuit court, had any kind of duty or responsibility to ensure that one was held, or that they failed in that duty.

¶ 16    In addition, these problems notwithstanding, the State is correct that the purpose of a hearing on "a motion to reconsider sentence is not to conduct a new sentencing hearing, but rather to bring to the circuit court's attention changes in the law, errors in the court's previous application of existing law, and newly discovered evidence that was not available at the time of the hearing." *People v. Burnett*, 237 Ill. 2d 381, 387 (2010). Moreover, although certain decisions ultimately belong to a criminal defendant, whether to argue a postsentence motion is not one of them. *Id.* at 388. In this case, the defendant has not alleged that his presence would have helped to bring to the circuit court's attention changes in the law, errors in the court's previous application of existing

8

law, or newly discovered evidence that was not available at the time of the hearing, rendering even more dubious his claim that an evidentiary hearing—and his attendance at that hearing—was *required* in this case. To the contrary, the arguments he presents on appeal are regarding facts that were already presented to the circuit court at the sentencing hearing, and amount to an attempt to relitigate that hearing.

¶ 17    Finally, even if we were to ignore, *arguendo*, all of the foregoing problems with the defendant's arguments on appeal, and address this appeal under the framework the defendant wishes, the defendant fares no better. We turn to the principal case upon which the defendant relies: *People v. Brasseaux*, 254 Ill. App. 3d 283 (1996). *Brasseaux*, like this case, involved a defendant who entered a plea of guilty, was sentenced, and then filed a motion to reconsider sentence. *Id*. at 285-86. Unlike this case, one of the arguments preserved and presented by the defendant on appeal was that his counsel was ineffective with regard to his handling of the motion to reconsider sentence, an argument with which the *Brasseaux* court ultimately agreed. *Id.* at 290. With regard to a defendant's due process right to be present at a hearing on a motion to reconsider sentence, the *Brasseaux* court ruled that "if a motion to reconsider sentence alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing, the defendant's presence should be required," but that if "a motion to reconsider sentence does not allege facts outside of the record and does not raise issues which may not be resolved without an evidentiary hearing, his presence should not be required." *Id*. at 291-92.

¶ 18    We agree with the State that in this case, the amended motion does not allege facts outside of the record and does not raise issues which may not be resolved without an evidentiary hearing, and that accordingly, the defendant's presence was not required at the hearing on that motion, which means that his arguments on appeal fail. As explained above, the amended motion contended that the defendant's sentence was excessive because the sentence (1) was "not in

9

keeping with the [d]efendant's past history of criminality, mental history, family situation, economic status, education, occupational or personal habits," (2) "put too much weight on [the] defendant's prior convictions," (3) "put too much weight on the 911 recording and its impact on [the] defendant's credibility," (4) "did not put enough weight on [the] defendant's rehabilitative potential," and (5) "improperly considered a factor inherent in the offense." In addition, he argued that his plea and sentencing counsel—who as noted above was different from counsel who filed the postplea motion—should have argued at sentencing, but did not argue, "that the bloody fingerprints on the door could have come from [the] defendant because he was also injured and bleeding," and "that the fact that [the] defendant turned himself in should be considered in mitigation."

¶ 19    Although in his reply brief on appeal, the defendant contends that had he been present at the hearing, he would have been able "[t]o provide *** clarifying information to the court and confer with counsel" about some of the issues that were raised in the amended motion, we find that this speculative contention falls far short of what must be shown to prove that an evidentiary hearing, with the defendant in attendance, was *required* in this case. As the *Brasseaux* court set forth, the test is whether the *motion to reconsider sentence* alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing. 254 Ill. App. 3d at 291-92. The defendant's motion, on its face, does not allege facts outside of the record or raise issues which may not be resolved without an evidentiary hearing. The mere fact that the defendant believes an evidentiary hearing at which he was present might have benefited him does not transform the nature or contents of the motion itself, and at no time during this appeal has the defendant contended that the motion was defective or did not sufficiently raise the issues he wished the circuit court to address, just as at no time has the defendant alleged, with any type of specificity, that facts outside the record exist that should have been included in the motion and presented to

10

the circuit court. Accordingly, both of those contentions are forfeited as well. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (argument must contain the contentions of the appellant, the reasons therefor, and the citation of authorities; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing).

¶ 20                                              III. CONCLUSION

¶ 21     For all of the foregoing reasons, we affirm the denial of the defendant's postplea motion.


¶ 22     Affirmed.