No. 2--03--0808                                        filed: 4/10/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 94--CF--148 |
| FREDERICK R. LAMBERT, | ) ) | Honorable Gerald F. Grubb, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

_____

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Frederick R. Lambert, appeals the trial court's order denying his motion to reconsider his 60-year sentence for first-degree murder (720 ILCS 5/9–1(a) (West 1994)).  Defendant contends that he should receive a new hearing on the motion because (1) after imposing the sentence, the trial court did not properly admonish him pursuant to Supreme Court Rule 605(a) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a), eff. October 1, 2001) about how to perfect an appeal from his sentence and (2) he was denied the right to be present at the hearing on the motion to reconsider.  We affirm.

In 1994, defendant was convicted of murder and sentenced to 100 years' imprisonment.  This court reversed the conviction and remanded for a new trial.  People v. Lambert, 288 Ill. App. 3d 450 (1997).  Following a jury trial at which defendant represented

himself, he was again convicted and sentenced to 100 years in prison.  This court affirmed the conviction but vacated the sentence.  People v. Lambert, No. 2--99--0408 ( 2001) (unpublished order pursuant to Supreme Court Rule 23).  This court held that defendant's sentence violated Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

The trial court then conducted a new sentencing hearing at which the maximum sentence  defendant could receive was 60 years' imprisonment.  Defendant continued to proceed pro se.  Following a hearing at which the parties essentially stipulated to the evidence presented at the second sentencing hearing, the trial court sentenced defendant to 60 years in prison.  The court admonished defendant that in order to appeal he would first have to file in the trial court a motion to reconsider the sentence.  Defendant filed a motion to reconsider the sentence that read as follows:

"(1) That defendant's sixty (60) year sentence is grossly disproportionate to co-defendant Carl Dixon [sic] (34) [y]ear  sentenced imposed for his first degree murder conviction; co-defendant Maurice Bowden [sic] (24) year sentence imposed for his first degree murder conviction; and Alex Dowthard [sic] (7) year sentence imposed for his plea of guilty to aggravated battery.

(2) That the court erred by making a finding that the crime for which defendant has      been found guilty was accomplished by brutal and heinous behavior and as such concluding that a sixty (60) year sentence is appropriate.

(3) That the court erred by finding that defendant has murdered two people while  failing to acknowledge that the defendant plead guilty to second degree murder and under duress.

(4) That the court erred by denying defendant's motion entitled 'motion to Declare

Public Act 91--953 as unconstitutional and a violation [sic] separation [sic] power

[sic].'

***

(5) That the court erred by making a finding that the proceedings [sic] was not a new

one and as such denying defendant[']s amended motion to substitute judge and the

hearing thereof.

(6) That the court erred by considering a pre-sentence report that wasn't accurate and considering said information to impose the maximum sentence.

(7) That 730 ILCS 5/5--5--4 violates the single subject rule and rights provided

under the laws of ESTOPPEL and or EXPOST [sic] FACTO." (Emphasis in original.)

On July 3, 2003, a hearing was held at which defendant was not present. The trial court informed the prosecutor that he did not have to respond to defendant's pro se motion and proceeded to deny it. Defendant timely appeals.

Defendant claims that he is entitled to a new hearing on his motion to reconsider sentence because (1) the trial court did not properly admonish him pursuant to Rule 605(a); and (2) the trial court denied his motion in open court without his being present, in violation of his constitutional right to be present at every critical stage of the criminal prosecution.

Both parties cite People v. Brasseaux, 254 Ill. App. 3d 283 (1996), in support of their respective positions. In Brasseaux, the defendant, who had been represented at trial by

the public defender, filed a <u>pro se</u> motion to reconsider his sentence.  The motion was deficient, containing no allegations of error and no prayer for relief.  The defendant's trial counsel did not contact him to lend assistance on the motion.  The trial court set the motion for a hearing.  At the hearing, the defendant did not himself appear but was represented by a different assistant public defender than had represented him at trial.  The attorney presented no argument on the motion, which the trial court then denied.  <u>Brasseaux</u>, 254 Ill. App. 3d at 286.  The appellate court held that, because a motion to reconsider sentence is a critical stage of a criminal proceeding, the defendant was entitled to the assistance of counsel in preparing and arguing his motion.  <u>Brasseaux</u>, 254 Ill. App. 3d at 288.  The court determined that the defendant received such inadequate assistance in connection with his motion that he was denied his right to counsel.  <u>Brasseaux</u>, 254 Ill. App. 3d at 290.  For reasons of judicial economy, the court addressed the defendant's alternative argument that he was deprived of his constitutional right to be present at the hearing on his motion.  The court held that, unless a motion to reconsider sentence "alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing," the defendant's presence at the hearing on the motion is not required.  <u>Brasseaux</u>, 254 Ill. App. 3d at 291-92.

The State relies on <u>Brasseaux</u>'s second holding that a defendant does not have an absolute right to be present at a hearing on a motion to reconsider sentence.  Defendant suggests that <u>Brasseaux</u> is inapposite because there the defendant's absence from the hearing on his motion to reconsider sentence was mitigated by his attorney's presence.  There was no such mitigation here, defendant urges, because he was <u>pro se</u>.

We agree with defendant that we must look beyond Brasseaux for the pertinent authority.  "A criminal defendant has a constitutional right to a public trial, and to appear and participate in person and by counsel at all proceedings which involve his substantial rights [citations], so that he may know what is being done, make objections, and take such action as he deems best to secure his rights and for his protection and defense.  [Citation.]"  People v. Childs, 159 Ill. 2d 217, 227 (1994).  However, a defendant's right to be present is not absolute (People v. McDonald, 322 Ill. App. 3d 244, 248 (2001)), but, rather, a violation of that right will warrant relief only if the State cannot prove beyond a reasonable doubt that the error was harmless (Childs, 159 Ill. 2d 217).  Harmless error analysis applies even where the absent defendant was pro se and therefore had no representation at all at the stage of the proceeding in question.  People v. McDonald, 168 Ill. 2d 420, 460-61 (1995) (harmless error applied to trial court's answering of question from jury in pro se defendant's absence).

Defendant was deprived of his right to be present when, in his absence, the trial court ruled on his motion in open court.  However, the State has established that the error was harmless.  The  proceeding at which the trial court ruled on defendant's motion transpired as follows:

"THE COURT: Do I have the document that Mr. Lambert had filed?

THE CLERK: You know, I looked through it, and I think that might be the last one.

I was hoping that was [sic] last one.  This is number four, 94--CF--148, People v. Frederick Lambert.

STATE'S ATTORNEY: Good afternoon, Your Honor.  I'm standing in--

THE COURT: Good afternoon.

STATE'S ATTORNEY: --for Attorney Karner from my office. I know of the existence of a motion. I believe he styles it a motion for filing, slash, proof of service. Second page is [sic] post-sentencing motion and motion for reconsideration of sentence. But I'm under the impression that there is another motion that he has filed that we don't have a copy of.

THE CLERK: I ran the docket sheet, too, before I came to see if there was anything

else filed.

THE COURT: You don't need to respond to the motion for reconsideration of sentence and post-sentencing motion. The Court will deny the same. Will you prepare an order?"

The State points out that defendant has not attempted to show how his presence at the proceeding would have improved his chances of persuading the trial court that his motion was meritorious. Defendant's written motion adequately set out the grounds for the motion. It merely asked the court to reevaluate the evidence in aggravation and mitigation and to consider various legal arguments. The trial court evidently believed that it had sufficient information to rule on the motion without further input from either side, and defendant does not challenge this conclusion. Defendant does not claim that he would have adduced evidence at the proceeding or that the opportunity for oral argument would have benefitted him. In any event, a defendant's right to present oral argument is extremely limited. In Herring v. New York, 422 U.S. 853, 863, 45 L. Ed. 2d 593, 601, 95 S. Ct. 2550, 2555-56 (1975), the United States Supreme Court struck down on constitutional

grounds a state statute permitting a trial judge to deny a defendant the opportunity to make a summation at the close of a criminal trial. The Court held that a defendant has a constitutional right to make such a summation. Herring, 422 U.S. at 865, 45 L. Ed. 2d at 602, 95 S. Ct. at 2556. The Court emphasized how integral a closing summation is to a defense:

"It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt. [Citation.]

The very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment." Herring, 422 U.S. at 862, 45 L. Ed. 2d at 600, 95 S. Ct. at 2555.

The Court added, however, that the trial court "must be and is given great latitude in controlling the duration and limiting the scope of closing summations." Herring, 422 U.S. at 862, 45 L. Ed. 2d at 600, 95 S. Ct. at 2555. Finally, the Court cautioned: "Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process." Herring, 422 U.S. at 863 n.13, 45 L. Ed. 2d at 601 n.13, 95 S. Ct. at 2556 n.13. Courts in the wake of Herring have consistently refused to extend the right to present oral argument to any other stage of a civil or criminal proceeding. See United States v. Salovitz, 701 F.2d 17, 21 (2d Cir. 1983) (no constitutional right to present opening statement at criminal trial); Ogle v. Estelle, 641 F.2d 1122, 1127 (5th Cir. 1981) (no constitutional right to present oral argument on appeal); State v. Vliet, 91 Hawaii 288, 295-96, 983 P.2d 189, 196-97 (1999) (no constitutional right to present oral argument on motion for judgment of acquittal); Holland v. State, 77 Md. App. 252, 257-58, 549 A.2d 1178, 1181 (Md. Ct. Spec. App. 1988) (no constitutional right to present oral argument on motion to suppress), cert. denied, 314 Md. 628, 552 A.2d 894 (1989); People v. Withers, 87 Ill. 2d 224, 229-30 (1981) (no constitutional right to present oral argument in support of motion for directed verdict). In Withers, our supreme court distinguished Herring, noting that a motion for a directed finding merely requires the court to consider the evidence just presented and therefore needs little, if any, elaboration. Withers, 87 Ill. 2d at 228.

The differences between a trial and a motion to reconsider sentence are too extreme for Herring's rationale to apply here. A motion to reconsider sentence does not present factual and legal complexities on any level approaching those of a typical trial. By the time a sentence is imposed, the facts are already determined and what remains is the question

of what sentence fits the facts. The issues have narrowed even further by the time a motion to reconsider sentence is filed. We decline to find a constitutional right to present oral argument on a motion to reconsider sentence. We further hold that, though defendant's constitutional right to be present was violated when the trial court ruled on his motion in his absence, the error was harmless and does not warrant reversal.

Defendant alternatively contends that he is entitled to additional admonishments pursuant to Supreme Court Rule 605(a). The rule requires the trial court to admonish a defendant about how to perfect an appeal from a sentence. The court must inform the defendant that he must file a motion to reconsider the sentence, that any issue not raised in the motion can be deemed waived on appeal, and that, following the disposition of the motion, the defendant must file a notice of appeal within 30 days. Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(a)(3), eff. October 1, 2001. Defendant contends that he was not informed that, among other things, any issue not raised in the motion would be waived. Citing People v. Glenn, 345 Ill. App. 3d 974 (2004), defendant argues that he is entitled to a remand for new admonishments, regardless of whether he can demonstrate prejudice from the incomplete admonishments.

In People v. Henderson, 217 Ill. 2d 449 (2005), the supreme court held that a defendant who receives incomplete Rule 605(a) admonishments is not entitled to a remand unless he can demonstrate that he was prejudiced or denied "real justice." Henderson, 217 Ill. 2d at 459. The defendant in Henderson did not file a motion to reconsider the sentence. On appeal, he did not point to any issues that he would have raised in such a motion had he been properly admonished. Therefore, the court held that he suffered no prejudice and was not entitled to a remand. Henderson, 217 Ill. 2d at 469.

Here, despite the defective admonishments, defendant actually did file a postsentencing motion. Moreover, he does not suggest any additional issues that he would have raised had he received proper admonishments. We conclude that defendant was not prejudiced by the lack of complete admonishments.

For the reasons stated above, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

BYRNE and GILLERAN JOHNSON, JJ., concur.