FIRST DIVISION
October 20, 2008

No. 1-06-3288

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN BURNETT, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WOLFSON delivered the opinion of the court:

Jonathan Burnett raises several constitutional issues concerning his sentence for residential burglary. We concentrate primarily on his motion to reconsider that sentence.

The trial court sentenced Jonathan Burnett to ten years in prison. His only issues concern the sentence and his motion to reconsider the sentence. He contends: the court should have ordered medical examinations before sentencing; the court denied Burnett his constitutional rights by deciding the motion for reconsideration of the sentence following a hearing that neither Burnett nor his attorney attended; and his counsel provided ineffective assistance both at sentencing and on the motion to reconsider the sentence. We affirm.

BACKGROUND

On November 1, 2005, a man crawled in a window of a vacant house on the south side of Chicago. A few minutes later he

lowered a vanity sink from the window.  When he dropped the sink to the ground it shattered.  The man walked away from the house. Police detained Burnett a few minutes later, two blocks away, and arrested him after an eyewitness identified him as the person who entered the vacant house.  The arresting officer found a wrench, pliers, and a screwdriver in Burnett's pockets.  The trial court found Burnett guilty of burglary and possession of burglary tools.

Burnett had three prior burglary convictions, one residential burglary conviction, one conviction for retail theft and one conviction for possession of a controlled substance.  The prior crimes required the court to sentence Burnett as a Class X offender.  730 ILCS 5/5-5-3(c)(8); 720 ILCS 5/19-1(b) (West 2004).  The sentencing statute restricted the available sentence for burglary to 6 to 30 years in prison.  730 ILCS 5/5-8-1(d)(3) (West 2004).

The presentence investigator found that Burnett had longstanding addictions to heroin and cocaine.  Burnett had taken cocaine prior to the offense at issue.  When he was about 18 he experimented with phencyclidine (PCP).  The experiment, together with an altercation with his father, resulted in Burnett's hospitalization for his mental health.  He suffered from a learning disability, but he had "excellent mechanical and

1-06-3288

artistic skills." He held no steady job. At the time of the investigation, Burnett complained of chest pains and a pinched nerve.

At the sentencing hearing, the prosecutor pointed out Burnett's drug history and suggested treatment for Burnett in prison. Defense counsel requested a minimal sentence, arguing that Burnett had burglarized a vacant house, and he had strong family support and no history of violent crimes. Burnett himself added that he had joined a drug treatment program. The court sentenced Burnett to concurrent terms of ten years for burglary and three years for possession of burglary tools, with a recommendation for drug treatment in prison.

Burnett, through counsel, moved to reconsider the sentence. In the motion defense counsel wrote:

"3. In light of the evidence presented to the Court, the sentence imposed in this case is excessive.

4. In sentencing the Defendant, the Court failed to follow Article I, Section 2 of the Illinois Constitution, which states as follows: 'All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.'

5. Further, the Court failed to consider the

-3-

1-06-3288

following factors in mitigation within 730 ILCS 5/5-5-3.1: [sic]

6. The sentence imposed is not in keeping with alternatives available to the Court to assist the Defendant in his rehabilitation."

The court originally scheduled the motion for hearing on September 20, 2006. The court granted defense counsel a continuance, resetting the motion for hearing on September 27, 2006. Burnett remained in prison during the proceeding. His attorney failed to appear on September 27. The court did not inquire on the record into the reasons for the absence of Burnett and his attorney. The court denied the motion to reconsider the sentence. Burnett timely appealed.

DECISION

I. Sentencing

A. Medical examinations

Burnett contends that in light of his physical problems, his learning disability, his drug addiction, and his history of mental health treatment, the trial court abused its discretion in failing to order physical and mental examinations pursuant to sections 5-3-2(b) (730 ILCS 5/5-3-2(b) (West 2006)) and 5-3-3 (730 ILCS 5/5-3-3 (West 2006)) of the Unified Code of Corrections (Code).

Section 5-3-2(b) of the Code provides, in relevant part, that a presentence investigation

> "shall include a physical and mental examination of the defendant when so ordered by the court. <u>If the court determines that such an examination should be made</u>, it shall issue an order that the defendant submit to examination at such time and place as designated by the court and that such examination be conducted by a physician, psychologist or psychiatrist designated by the court. *** " (Emphasis added.)  730 ILCS 5/5-3-2(b) (West 2006).

Section 5-3-3 of the Code provides, in relevant part, that:

> "(a) In felony cases where the court is of the opinion that imprisonment may be appropriate but desires more information as a basis for determining the sentence than has been or may be provided by a presentence report under Section 5-3-1, the court may commit for a period not exceeding 60 days a convicted person to the custody of the court clinic or the Department of Corrections if

1-06-3288

> the Department has certified to the court
>
> that it can examine such persons under this
>
> Section." 730 ILCS 5/5-3-3 (West 2006).

Section 5-3-3 of the Code allows the trial court to conduct a study if the court "desires" more information than has been provided by the presentence investigation (PSI) report. 730 ILCS 5/5-3-3 (West 2006). Accordingly, we review a trial court's failure to order an examination or study pursuant to section 5-3-2(b) and 5-3-3 of the Code for an abuse of discretion. People v. Burton, 184 Ill. 2d 1, 29, 703 N.E.2d 49, 62 (1998); People v. Stewart, 101 Ill. 2d 470, 489, 463 N.E.2d 677 (1984).

Burnett's drug experiments led to hospitalization in a mental health facility, but the incident occurred more than 20 years before the burglary. The PSI report adequately recounted Burnett's history of drug abuse and his present physical condition. The minor physical problems do not demonstrate any special need for further investigation. Nothing in the record indicates that complete medical and physical examinations would have uncovered any facts not already shown in the PSI report. We will not vacate a sentence based on speculation of what a medical examination may have indicated. See Stewart, 101 Ill. 2d at 490.

Although a trial court may order a section 5-3-3 study if it "desires" more information than has been provided by the PSI

-6-

1-06-3288

report, we see nothing in the facts before us that should have compelled the court to order such a study in this case.  We find the trial court did not abuse its discretion by deciding not to order a mental examination and study pursuant to sections 5-3-2(b) and 5-3-3 of the Code.

B.  Ineffective assistance at sentencing

Burnett contends counsel provided ineffective assistance at sentencing because counsel did not request medical examinations, and he failed to argue Burnett's learning disability and his drug dependency in mitigation.

A defendant who seeks relief from a judgment due to ineffective assistance of counsel must convince this court that, but for counsel's incompetence, the defendant stood a reasonable chance of achieving a better result.  People v. Ward, 371 Ill. App. 3d 382, 434, 862 N.E.2d 1102, 1150 (2007).  The record on appeal includes no evidence that a complete physical and psychological examination would have revealed any facts that should have inclined the court to impose a lesser sentence.  In this case, as in Burton, 184 Ill. 2d at 30, defendant "can only speculate that an additional evaluation would have produced significant new evidence concerning his mental health, rather than cumulative evidence."

The PSI report and arguments at sentencing brought to the

court's attention all of the factors Burnett now claims his attorney should have raised. Burnett has not shown a reasonable probability that further emphasis on these factors would have changed the sentence. We find Burnett has not met his burden of proving ineffective assistance of counsel at sentencing.

II. Motion to Reconsider Sentence

A. Ineffective assistance with written motion

Burnett contends counsel provided ineffective assistance when he filed an incomplete written motion to reconsider the sentence. Counsel prepared only a perfunctory, boilerplate motion, without specifying sentencing alternatives or the mitigating factors that would have persuaded the court to impose a lesser sentence. Burnett suggests counsel should have identified as mitigating factors his psychological problems and the fact that he neither caused nor contemplated causing any physical harm. At the sentencing hearing defense counsel mentioned only the lack of harm. The prosecutor spoke of Burnett's drug addiction; the PSI report indicated Burnett's minor history of psychological treatment partly related to drug abuse. The trial court apparently took these factors into account in sentencing Burnett to a term near the minimum available, despite his substantial criminal history and his failure to respond to previous efforts at rehabilitation. Ten

years is hardly a draconian sentence under the circumstances.  We see no reasonable probability that the suggested additions to the written motion would have changed the trial court's judgment. See People v. Brasseaux, 254 Ill. App. 3d 283, 287-89, 660 N.E.2d 1321, 1323-25 (1996).

The written motion serves to preserve sentencing issues for appellate review. People v. Reed, 177 Ill. 2d 389, 395, 686 N.E.2d 584, 586 (1997).  While Burnett complains that the motion here lacks sufficient detail to preserve meritorious issues, he does not specify any new or additional issues he would have raised on this appeal had counsel better prepared the motion. Burnett has not shown inadequate preparation of the written motion had any prejudicial effect.  We find the written motion did not show ineffective assistance of counsel.

B.  Absence of defendant and counsel from hearing

1.  Due process and the right to appear

The trial court decided the motion to reconsider sentence in the absence of Burnett and his counsel.  Burnett contends that by so proceeding the court violated his right to due process under both the federal and state constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2), and his right to appear in person and by counsel, expressly protected by the state constitution (Ill. Const. 1970, art. I, §8).  Every defendant in

1-06-3288

a criminal proceeding

"has a due process right ' "to be present in his own
person whenever his presence has a relation, reasonably
substantial, to the fulness of his opportunity to
defend against the charge." ' [Citation.] Although the
Court has emphasized that this privilege of presence is
not guaranteed 'when presence would be useless, or the
benefit but a shadow' (citation), due process clearly
requires that a defendant be allowed to be present 'to
the extent that a fair and just hearing would be
thwarted by his absence' (citation). [Citation.]
Therefore, a defendant is guaranteed the right to be
present at any stage of the criminal proceeding that is
critical to its outcome if his presence would
contribute to the fairness of the procedure." People
v. Lofton, 194 Ill. 2d 40, 66-67, 740 N.E.2d 782, 797
(2000).

Our supreme court has not addressed the issue of whether the
motion to reconsider the sentence counts as a critical stage of
criminal proceedings, but several appellate courts have.

The case that opens the door to our critical stage analysis
is Reed, 177 Ill. 2d at 389, where our supreme court construed a
1993 amendment to section 5-8-1 of the Unified Code of

-10-

1-06-3288

Corrections (730 ILCS 5/5-8-1(c) (West 1994)). The court held defendants forfeit appellate review of all sentencing issues not raised in post-sentencing motions in the trial court. Reed, 177 Ill. 2d at 393. Because the motion to reconsider sentence now involves the defendant's substantial right to preserve sentencing issues for appeal, the motion to reconsider sentence forms a critical stage of the criminal proceedings, where the defendant has a right to counsel. Brasseaux, 254 Ill. App. 3d at 288; People v. Williams, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005); People v. Owens, No. 3-06-0740 (Aug. 28, 2008), slip op. at 2.

The trial court ruled at a critical stage of criminal proceedings despite the absence of Burnett and his counsel, with no apparent attempt to learn the reasons for their absence. We must now decide whether their absence requires reversal. We have searched for a principled path to the right result.

Illinois Supreme Court cases appear to fall in two separate lines of analysis for deciding whether this court must reverse a judgment due to an alleged violation of the defendant's right to appear in person and by counsel at all critical stages of criminal proceedings. None involves a motion to reconsider sentence.

In People v. Childs, 159 Ill. 2d 217, 636 N.E.2d 534 (1994),

1-06-3288

the trial court had responded *ex parte* to a question from the jury. Our supreme court held:

"Because an *ex parte* communication between a judge and a jury deprives a defendant of his constitutional rights to be present at and to participate for his protection in a critical stage of trial, the burden is on the State to prove beyond a reasonable doubt that the error was harmless." Childs, 159 Ill. 2d at 228.

Following the reasoning of Childs, some courts have concluded that a trial court that conducts a critical stage of criminal proceedings in the absence of the defendant or his counsel, when the defendant has not waived the right to appear, has violated that defendant's constitutional rights. Once the defendant has shown such a violation, the burden shifts to the prosecution to prove beyond a reasonable doubt that the violation caused no harm. Our supreme court reaffirmed Childs in People v. Kliner, 185 Ill. 2d 81, 162, 705 N.E.2d 850, 890-91 (1998), which also involved an *ex parte* communication between a judge and a jury.

On the other hand, in People v. Bean, 137 Ill. 2d 65, 560 N.E.2d 258 (1990), our supreme court held that the right of an accused to appear in person at critical stages of criminal proceedings

1-06-3288

>    "is not itself a substantial right under the Illinois
>    Constitution. [Citation.] Instead, it is a lesser right
>    the observance of which is a means to securing the
>    substantial rights of a defendant.  Thus a defendant is
>    not denied a constitutional right every time he is not
>    present during his trial, but only when his absence
>    results in a denial of an underlying substantial right,
>    in other words, a constitutional right ***. *** Some of
>    these substantial rights are the right to confront
>    witnesses, the right to present a defense, and the
>    right to an impartial jury." Bean, 137 Ill. 2d at 80-
>    81.

The court held the trial court did not violate any of the
defendant's constitutional rights by hearing part of the *voir
dire in camera* in defendant's absence.  Bean, 137 Ill. 2d at 81.

Our supreme court affirmed the vitality of the Bean analysis
in People v. Lindsey, 201 Ill. 2d 45, 56, 772 N.E.2d 1268, 1276
(2002).  In that case the court found that the defendant's
appearance by closed-circuit television for his arraignment did
not violate his constitutional rights:

>        "[E]ven where a defendant has the general right to
>    be present because the proceeding is a 'critical'
>    stage, a defendant's absence is not a *per se*

-13-

constitutional violation. Rather, a defendant's absence from such a proceeding will violate his constitutional rights only if the record demonstrates that defendant's absence caused the proceeding to be unfair or if his absence resulted in a denial of an underlying substantial right." Lindsey, 201 Ill. 2d at 57.

Thus, under Bean and Lindsey, a trial court that rules against a defendant in the absence of that defendant or his counsel, at a critical stage of the proceedings, may not have violated the defendant's constitutional rights, even if the defendant has not waived his right to appear. To show a violation of his constitutional rights, the defendant must meet his burden of proving that his absence resulted in unfair proceedings that denied him substantial rights. That is, the defendant must show that his presence or his counsel's presence at the critical stage would have benefitted him. Lindsey, 201 Ill. 2d at 57-58.

The appellate court considered the defendant's constitutional right to appear for the motion to reconsider sentence in two cases that arose after the 1993 amendment to section 5-8-1. In Brasseaux, 254 Ill. App. 3d at 286, the defendant filed a document titled "Motion to Reconsider

Sentence." Defense counsel appeared at the hearing and made no effort to argue in favor of the motion. The appellate court reversed the denial of the motion to reconsider because defense counsel was ineffective. The defendant also contended that the trial court erred by hearing the motion in defendant's absence. While noting that the contention need not be decided, the court proceeded to discuss the issue:

> "[I]f a motion to reconsider sentence alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing, the defendant's presence should be required. [Citation.] If, however, a motion to reconsider sentence does not allege facts outside of the record and does not raise issues which may not be resolved without an evidentiary hearing, his presence should not be required."
> Brasseaux, 254 Ill. App. 3d at 292.

A situation similar to that in Brasseaux arose in People v. Lambert, 364 Ill. App. 3d 488, 847 N.E.2d 136 (2006), where the trial judge heard a motion to reconsider a sentence without bringing the defendant to court. The court cited Childs for the proposition that the defendant had a constitutional right to appear at the hearing, and that the prosecution bore the burden of proving beyond a reasonable doubt that the constitutional

-15-

error caused no harm.  Lambert, 364 Ill. App. 3d at 491.  Because the prosecution met its burden of proving the constitutional error harmless beyond a reasonable doubt, the court affirmed denial of the motion to reconsider the sentence.  The court did not mention Lindsey or Bean.

If we were to follow the Bean, Lindsey, and Brasseaux line of reasoning, we would find Burnett has not shown a violation of his constitutional rights.  The motion raised no new factual allegations.  Burnett points to his drug addiction, his learning disability, and the lack of any threat of violence as grounds for reducing his sentence.  The PSI report and the arguments at sentencing had brought these factors to the trial court's attention.  The court apparently considered these factors when it sentenced defendant to a term at the lower end of the available range.  Defendant does not now claim he would have presented additional evidence at the motion to reconsider sentence, nor does he explain what other steps he would have taken to better protect his rights had he appeared at the proceeding.  No evidentiary hearing was required.  By hearing the motion in the absence of Burnett and his counsel, the trial court in these circumstances did not violate Burnett's federal or state constitutional rights.

Under Childs and Lambert, on the other hand, the trial court

violated Burnett's constitutional right to appear at a critical stage when the court decided the motion to reconsider sentence in the absence of Burnett and his attorney.  It is a critical stage because legal rights on appeal -- the right to challenge the sentence -- can be lost or limited.  See Mempa v. Rhay, 389 U.S. 128, 134-36, 19 L. Ed. 2d 336, 340-41, 88 S. Ct. 254, 257 (1967). The burden then shifts to the prosecution to establish, beyond a reasonable doubt, that the error caused no harm.

In Lambert the court explained its holding that the prosecution met its burden of proving the constitutional error harmless:

"[D]efendant has not attempted to show how his presence at the proceeding would have improved his chances of persuading the trial court that his motion was meritorious. *** [The motion] merely asked the court to reevaluate the evidence in aggravation and mitigation and to consider various legal arguments. The trial court evidently believed that it had sufficient information to rule on the motion without further input from either side, and defendant does not challenge this conclusion. Defendant does not claim that he would have adduced evidence at the proceeding." Lambert, 364 Ill. App. 3d at 492.

In his motion to reconsider, Burnett did not rely on any new facts, and nothing in the record demonstrates that he could have proved other facts that might have inclined the court to reduce his sentence to a level even closer to the minimum the law allows. As was true in Lambert, if Burnett had made the arguments raised on appeal in the trial court, he simply would have asked the trial court to reevaluate the evidence in aggravation and mitigation and to reconsider various legal arguments already raised at sentencing. Nothing more. Nothing new. If Childs and Lambert present the proper analysis, the prosecution has established, beyond a reasonable doubt, that the constitutional error here caused defendant no harm. Under either line of precedent, we end up in the same place. We find that defendant has not shown constitutional grounds for reversal of the sentence.

2. Ineffective assistance

Finally, Burnett claims counsel provided ineffective assistance by failing to appear at the hearing on the motion to reconsider the sentence. To show grounds for reversal, Burnett must show that because counsel failed to appear, Burnett forfeited some significant right for his appeal from the sentence. See Roe v. Flores-Ortega, 528 U.S. 470, 483, 145 L. Ed. 2d 985, 998-99, 120 S. Ct. 1029, 1038 (2000); People v. Edwards,

1-06-3288

197 Ill. 2d 239, 251-52, 757 N.E.2d 442, 449-50 (2001). We see no such forfeiture.

A question that arises but need not be decided concerns just what it is a defense lawyer can do when he or she appears at the hearing on the motion to reconsider. Lambert, 364 Ill. App. 3d at 494, holds counsel has no right to oral argument on the motion. The proposition that the defense lawyer must observe the critical stage proceedings in silence if the trial court so decrees is troublesome. But the question is not raised in this case and we see no need to comment on it further.

At the least, defense counsel preserved Burnett's right to appeal from his sentence by filing the motion to reconsider. Burnett does not claim he was deprived of his right to consult with his lawyer concerning the motion to reconsider. See Owens, No. 3-06-0740, slip op. at 2. In sum, Burnett makes no showing that his lawyer's failure to appear at the hearing or that his own absence from it caused him any harm.

We find nothing in this record to support Burnett's claims that he was denied effective assistance of counsel. Our holding in this case, however, should not be taken as approval of the procedure the trial court followed when it denied the motion to reconsider in the absence of both defendant and his lawyer.

For the reasons stated above, no matter which line of

-19-

1-06-3288

Illinois Supreme Court cases we follow, we find the trial court's sentence and ruling on the motion to reconsider sentence must be affirmed.

Affirmed.

R. GORDON, P.J., and GARCIA, J., concur.

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form: | THE PEOPLE OF THE STATE OF ILLINOIS, |
| | Plaintiff-Appellee, |
| Complete TITLE of Case | v. |
| | JONATHAN BURNETT, |
| | Defendant-Appellant. |

| | |
|---|---|
| Docket Nos. | No. 1-06-3288 |
| COURT | Appellate Court of Illinois First District, 1st Division |
| Opinion Filed | October 20, 2008 |
| | (Give month, day and year) |

| | |
|---|---|
| JUSTICES | JUSTICE WOLFSON delivered the opinion of the court: |
| | R. GORDON, P.J., and GARCIA, J., concur. |

| | |
|---|---|
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin: Appeal from the Circuit Court of Cook County. The Hon. Joseph M. Claps, Judge Presiding. |

| | |
|---|---|
| For APPELLANTS, John Doe, of Chicago. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. |
| For APPELLEES, Smith and Smith, of Chicago | For Appellant, Michael J. Pelletier, Deputy Defender, and Shawn O'Toole, Assistant Appellate Defender, Office of the State Appellate Defender, of Chicago. |
| Joseph Brown, of counsel). | For Appellee, Richard A. Devine, State's Attorney of Cook County, of Chicago. (James E. Fitzgerald, Michele Grimaldi Stein and Karisa F. Flores, of Counsel). |
| Also add attorneys for third-party appellants and/or appellees. | |

(USE REVERSE SIDE IF NEEDED)